Fill in this information to identify the case:

Debtor 1      CARLA M MASSIE
Debtor 2

United States Bankruptcy Court for the:    Western District of Missouri, Kansas City Division    District of    MO
(State)

Case Number      1741165

Official Form 410S1    For Completeness of Record

# Notice of Mortgage Payment Change

12/15

If the debtor's plan provides for payment of postpetition contractual installments on your claim secured by a security interest in the debtor's principal residence, you must use this form to give notice of any changes in the installment payment amount. File this form as a supplement to your proof of claim at least 21 days before the new payment amount is due. See Bankruptcy Rule 3002.1.

**Name of Creditor:**    **Court claim no. (if known):**   8

**1900 Capital Trust III, BY U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS CERTIFICATE TRUSTEE**

**Date of payment change:**    02/01/2019
Must be at least 21 days after date of this notice

**Last four digits** of any number you use to identify the debtor's account:    6433

**New total payment:**    $1,126.84
Principal, interest, and escrow, if any

## Part 1:  Escrow Account Payment Adjustment

**1. Will there be a change in the debtor's escrow account payment?**

☐ No

☑ Yes   Attach a copy of the escrow account statement prepared in a form consistent with applicable nonbankruptcy law. Describe the basis for the change. If a statement is not attached, explain why: _____

**Current escrow payment:**    $350.02    **New escrow payment:**    $418.94

## Part 2:  Mortgage Payment Adjustment

**2. Will the debtor's principal and interest payment change based on an adjustment to the interest rate on the debtor's variable-rate account?**

☐ No

☑ Yes   Attach a copy of the rate change notice prepared in a form consistent with applicable nonbankruptcy law. If a notice is not attached, explain why: _____

**Current interest rate:**    8.47600%    **New interest rate:**    5.25000%
**Current principal and interest payment:**    $969.30    **New principal and interest payment:**    $707.90

## Part 3:  Other Payment Change

**3. Will there be a change in the debtor's mortgage payment for a reason not listed above?**

☑ No

☐ Yes   Attach a copy of any documents describing the basis for the change, such as a repayment plan or loan modification agreement. (*Court approval may be required before the payment change can take effect.*)

Reason for change: _____

**Current mortgage payment:**    **New mortgage payment:**

Case 17-41165-can13    Doc 82    Filed 02/08/19    Entered 02/08/19 15:16:11    Desc Main
Document    Page 2 of 8

Debtor 1 _____    Case Number (*if known*) ____1741165____
First Name    Middle Name    Last Name

## Part 4: Sign Here

The person completing this Notice must sign it. Sign and print your name and your title, if any, and state your address and telephone number.

Check the appropriate box.

☐ I am the creditor

☒ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)

**I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.**

/s/ Justin Alexander                                      Date    02/08/2019
Signature

| | | | |
|---|---|---|---|
| **Print** | Justin Alexander | Title | Bankruptcy Case Manager |
| Company | NewRez LLC DBA Shellpoint Mortgage Serv | | |
| Address | PO Box 10826 | | |
| | Greenville    SC    29603-0826 | | |
| Contact phone | (800) 365-7107 | Email | mtgbk@shellpointmtg.com |

Upon recording return to:
Shellpoint Mortgage Servicing
55 Beattie Place Suite 110 (MS 157)
Greenville, SC 29601
Telephone: 866-825-2174
Loan Number:
NMLS #: 3013



[Space Above This Line For Recording Data]

# MODIFICATION AGREEMENT

Borrower ("I"): CARLA M MASSIE
Lender or Servicer ("Lender"): Shellpoint Mortgage Servicing ("Shellpoint")
Date of mortgage, deed of trust, or security deed ("Mortgage") and Note: 06/26/2006
Loan Number:
Property Address ("Property"): 936 NE BRISTOL, LEES SUMMIT, MO 64086

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return the original versions of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1. **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future.

    B.  The Property has not been condemned.

    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage.

    D.  I have provided documentation for **all** income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Modification Program ("Program")).

    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct.

    F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so.

    G.  I have made or will make all payments required under a Trial Period Plan.

    H.  I, CARLA M MASSIE, may receive a discharge in a bankruptcy proceeding after signing the Note and Mortgage/Deed of Trust. I and the Lender acknowledge and agree that this Agreement is not an attempt to collect, recover, enforce, or offset this indebtedness against me personally, does not affect the discharge of my personal liability, and shall not be construed as a waiver of the discharge or an attempt to revive personal liability for this indebtedness. I understand that I am not obligated to enter into this Agreement and that I am entering into this Agreement voluntarily and with no coercion or pressure from the Lender, for the sole purpose of retaining the Property. I and the Lender acknowledge and agree that the Mortgage/Deed of Trust is an enforceable lien on the Property, that this Agreement shall not prejudice the lien in any way, and that the Lender's sole recourse is the enforcement of its lien on the Property and any action which may exist in relation to the Property itself.

---

1 If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

Loan Number:
MODIFICATION AGREEMENT                    (page 1 of 5 pages)

2. **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

   A. If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents.

   B. The Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date, as set fourth in Section 3, has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 02/01/2019 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a Trial Period Plan, this modification will not take effect. The first modified payment will be due on 02/01/2019.

   A. The Maturity Date will be 01/01/2059.

   B. The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, ("Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be $141,901.44 (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

   C. Interest at the rate of 5.25% will begin to accrue on the New Principal Balance as of 01/01/2019 and the first new monthly payment on the New Principal Balance will be due on 02/01/2019. My payment schedule for the modified Loan is as follows:

   | Number of Monthly Payments | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins On |
   |---|---|---|---|---|---|---|
   | 480 | 5.25% | 01/01/2019 | $707.90 | $418.94 May adjust periodically | $1,126.84 May adjust periodically | 02/01/2019 |

*The escrow payments may be adjusted periodically in accordance with applicable law; therefore, my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that if I have a pay option adjustable rate mortgage loan, upon modification the minimum monthly payment option, the interest-only, or any other payment options will no longer be offered. The monthly payments, as described in the above payment schedule for my modified Loan, will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

   D. I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

   E. If a default rate of interest is permitted under the Loan Documents, then in the event of default, the interest that will be due will be the rate set forth in Section 3.C.

4. **Additional Agreements.** I understand and acknowledge that:

   A. All persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased, (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the Divorce Decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents), or (iii) the Lender has waived this requirement in writing.

   B. This Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.



C. I must comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. This Agreement constitutes notice that the Lender's waiver as to payment of escrow items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. The Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. All terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. As of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. As of the Modification Effective Date, the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. As of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor,

    insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. If any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. The mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit. This means that I cannot obtain additional advances, and must make payments according to this Agreement. (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

Space Below this Line for Individual Acknowledgement

CARLA M MASSIE _Carla Mae Massie_ (Seal) _1/10/19_ (Date)

Signed, acknowledged and delivered in the presence of:

Witness _____ (Seal)
Witness _____ (Seal)

State of _Missouri_
County of _Jackson_

I certify that the following person(s) _Carla Massie_ and _____ personally appeared before me this _10_ day of _Jan_, 20_19_, and [ ] I have personal knowledge of the identity of the principal(s), [ ] I have seen satisfactory evidence of the principal's identity, by a current state or federal identification evidence of the principal's identity photograph in the form of a _Driver's License_, or [ ] credible witness has sworn to the identity of the principal(s); each acknowledging to me that he or she voluntarily signed the foregoing document for the purpose stated therein and in the capacity indicated:

Witness my hand and official seal, this _10_ day of _July_, 20_19_
Notary Signature _Brianna McCarter_ (Seal)
Witness _____ (Seal)
Typed/Printed Name: _Brianna L McCarter_
Notary Public, State of: _Missouri_
(VA Notaries) Reg. No.: _____
My Commission Expires: _N-8-19_

BRIANNA LEIGH MCCARTER
Notary Public-Notary Seal
State of Missouri, Jackson County
Commission # 15495955
My Commission Expires Nov 8, 2019
(Official Seal)

Space Below this Line for Corporate Acknowledgement

**Authorized Signer** (Lender)Title _Tochivas Austin_ (Seal) Assistant Secretary
New Penn Financial LLC
d/b/a
Shellpoint Mortgage Servicing

Signed, acknowledged and delivered in the presence of: Tochivas Austin

State of _SC_
County of _Greenville_

I certify _Tochivas Austin_ personally appeared before me this _14_ day of _January_, 20_19_ and acknowledged that he or she is an authorized signer for New Penn Financial dba Shellpoint Mortgage Servicing. I have personal knowledge of the identity of said officer, acknowledging to me that he or she voluntarily signed the foregoing document on behalf of the corporation for the purposes stated therein and in the capacity indicated.

Witness my hand and official seal, this _14_ day of _January_, 20_19_.
Notary Signature _Elvalina L Barksdale_ (Seal)
Witness _____ (Seal)

Typed/Printed Name: ELVALINA L. BARKSDALE
Notary Public, State of: Notary Public, State of South Carolina
My Commission Expires 4/15/2024
(VA Notaries) Reg. No.: _____
My Commission Expires: _____

ELVALINA L. BARKSDALE
MY COMMISSION EXPIRES
4/15/2024
NOTARY PUBLIC
SOUTH CAROLINA
(Official Seal)

Loan Number:
MODIFICATION AGREEMENT (page 5 of 5 pages)

| | |
|---|---|
| NewRez LLC DBA Shellpoint Mortgage Serv<br>PO Box 10826<br><br>Greenville, SC  29603-0826 | Phone Number:    (800) 365-7107<br>Fax:                      (866) 467-1137<br><br>Email:   mtgbk@shellpointmtg.com |

RE: Debtor 1    CARLA M MASSIE
　　　Debtor 2

Case No:    1741165

PROOF OF SERVICE

I certify that a copy of the foregoing documents were served upon the following persons electronically or by mail via the U.S. Postal Service, postage prepaid or by personal delivery, at their scheduled addresses on this day, 2/8/2019.

Western District of Missouri, Kansas City Division
400 East 9th St., Rm1510
Kansas City, MO  64106


Richard Fink
2345 Grand Blvd
Suite 1200
Kansas City, MO  64108-2663


Tracy L Robinson
818 Grand Blvd Ste 505
Kansas City, MO  64106


CARLA M MASSIE

936 NE BRISTOL DR
LEES SMT MO  64086


/s/   Justin Alexander